UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EZEQUIEL MIRALRIO-GALICIA,

    Petitioner,

v.                                                          CASE NO. 6:13-cv-1744-Orl-31TBS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Thereafter, Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner was given an opportunity to file a reply but has not done so.

Petitioner alleges four claims for relief. As discussed hereinafter, the Court finds that the petition is untimely and must be denied.

### I.    PROCEDURAL HISTORY

Petitioner was charged with capital sexual battery (count one) and lewd or lascivious molestation (count two) (App. A). Petitioner entered a negotiated plea whereby he agreed to plead guilty to the lesser included offense of attempted capital sexual battery, and in exchange, the State agreed to recommend a twenty-year prison

sentence followed by ten years of probation (App. B). The State also agreed to dismiss count two. *Id.* On January 3, 2007, the trial court accepted the plea and sentenced Petitioner according to the plea agreement (App. C & D). The State entered a nolle prosequi with regard to count two (App. D). Petitioner did not appeal.

On October 21, 2008,[1] Petitioner filed a motion for correction and clarification of sentence (App. E). The trial court entered an order striking the motion and granting Petitioner leave to file an amended motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (App. F). On May 28, 2009, Petitioner filed his Rule 3.850 motion (App. G). The trial court summarily denied the motion on September 9, 2009 (App. H). Petitioner appealed (App. K), and on February 2, 2010, the Fifth District Court of Appeal affirmed *per curiam* (App. L). Mandate issued on May 24, 2010 (App. O).

On February 10, 2010, while his Rule 3.850 appeal was pending, Petitioner filed a motion to vacate sentence and plea (App. P). The trial court denied the motion on June 29, 2010 (App. Q). Petitioner did not appeal the denial of that motion.

Petitioner also filed a "Petition for Vacate Set-Aside Rule 3.850 Pleading and Enter

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

2

Order for Deportation to Mexico" on March 25, 2010 (App. R). The trial court construed the motion as a Rule 3.850 motion and denied it on July 1, 2010 (App. S). Petitioner moved for rehearing (App. T), and on July 23, 2010, the trial court denied the motion (App. U). Petitioner did not appeal.

On September 24, 2010, Petitioner filed a "Petition to Correct Fundamental Error" with the Fifth District Court of Appeal (App. V). The appellate court denied the petition without discussion on October 1, 2010 (App. W). Finally, Petitioner filed a Rule 3.800(a) motion to correct illegal sentence on October 31, 2012 (App. X). The trial court denied the motion on November 15, 2012 (App. Y). Petitioner appealed (App. Z), and the state appellate court *per curiam* affirmed (App. CC). Mandate issued on May 31, 2013 (App. DD). Petitioner filed his federal habeas petition on November 4, 2013 (Doc. No. 1).

## II.   TIMELINESS

Pursuant to 28 U.S.C. § 2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

   (A)   the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, Petitioner did not appeal his conviction and sentence. Consequently, the one-year statute of limitations began to run on February 2, 2007, or thirty days after Petitioner was sentenced. *See* Fla. R. App. P. 9.140(b)(3). Thus, Petitioner's judgment of conviction became final pursuant to § 2244(d)(1)(A) on February 2, 2007, and Petitioner had until February 4, 2008, absent any tolling, to file a federal habeas petition.[2] The federal habeas petition, filed on November 4, 2013, is untimely.

The Court is aware that Petitioner filed numerous post-conviction motions in the state court. However, because the one-year period expired before Petitioner initiated those actions, the tolling provision of section 2244(d)(2) does not apply. *See Sibley v.*

---

[2] The last day of the one-year period, February 2, 2008, was a Saturday. Therefore, the deadline was extended to the next business day, Monday, February 4, 2008. Fed. R. Civ. P. 6(a).

*Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the instant habeas petition is untimely filed.

### III.   EQUITABLE TOLLING

To overcome his untimely filing, Petitioner alleges that he is entitled to equitable tolling of the one-year limitations period. In *Holland v. Florida*, 560 U.S. 631, 649 (2010), the Supreme Court of the United States held that a petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Although Petitioner alleges he was prevented him from timely filing his federal petition (Doc. No. 1 at 13), he does not allege what specific state-created impediment prevented him from timely filing his habeas petition. Therefore, the Court declines to equitably toll the limitations period on this basis.

To the extent Petitioner is attempting to argue the limitations period should be tolled due to his attorney's failure to file a direct appeal, he is not entitled to relief. The Eleventh Circuit has held that "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitably tolling;

5

abandonment of the attorney-client relationship, such as may have occurred in *Holland*, is required." *Cadet v. Fla. Dep't of Corrs.*, 742 F.3d 473, 481 (11th Cir. 2014). Petitioner has not alleged any facts demonstrating that appellate counsel abandoned the attorney-client relationship. Therefore, Petitioner's allegation that the limitations period should be tolled is unavailing.

Additionally, if the federal habeas petition can be read as arguing that Petitioner's ignorance of the law and lack of understanding of the English language prevented him from timely filing his federal petition, his claim is equally without merit. Factors such as a petitioner's lack of knowledge regarding the legal system, ignorance of the law, lack of education, *pro se* status, and lack of legal documents are not considered extraordinary circumstances that would excuse an untimely habeas petition. *See Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (lack of access to legal documents does not amount to an extraordinary circumstance); *Johnson v. United States*, 544 U.S. 295, 311 (2005) (stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (holding that while the petitioner's lack of education may have delayed his efforts to seek post-conviction relief, his procedural ignorance does not excuse untimely filing).

Furthermore, federal courts have rejected claims that prisoners are entitled to equitable tolling on the basis of language difficulties. *See United States v. Montano*, 398

6

F.3d 1276, 1280 n.5 (11th Cir. 2005) (claim that language difficulties prohibited the petitioner from timely discovering a legal argument did not constitute extraordinary circumstances so as to justify equitable tolling of the one-year filing requirement); *see also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that the inability to read and speak English is not a sufficient basis for equitably tolling the one-year limitations period). The Court concludes Petitioner has not demonstrated that equitable tolling of one-year limitations period is warranted. Therefore, the untimely petition will not be excused.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed

7


further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Ezequiel Miralrio-Galicia (Doc. No. 1) is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 2nd day of February, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 2/2
Counsel of Record